## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

(1) NATHAN TOWE and )
(2) TREA TOWE, )
 )
    Plaintiffs, )
 )
v. ) Case No.: CIV-22-884-G
 )
(1) STATE FARM FIRE AND )
    CASUALTY COMPANY and )
(2) YEAROUT INSURANCE AGENCY, )
    INC., )
 )
    Defendants. )

## NOTICE OF REMOVAL

1. State Farm Fire and Casualty Company ("State Farm") is Defendant in a civil action brought against it in the District Court of Cleveland County, State of Oklahoma, and titled *Nathan Towe and Trea Towe v. State Farm Fire and Casualty Company and Yearout Insurance Agency, Inc.*, Case No. CJ-2022-783.

2. Upon information and belief, at the time of the filing of this action and at the present time, Plaintiffs Nathan Towe and Trea Towe were and are residents and citizens of the State of Oklahoma.

3. At the time of the filing of this action and at the present time, State Farm was and is a foreign corporation, duly organized and existing under the laws of the State of Illinois and no other state, with its principal place of business in Illinois; it is not a citizen of Oklahoma.

4. Defendant Yearout Insurance Agency, Inc. ("Yearout Agency") is a corporation organized and existing under the laws of the State of Oklahoma, with its principal place of business in Oklahoma City, Oklahoma County, Oklahoma. But even though the Yearout Agency is a resident of the State of Oklahoma, its citizenship is immaterial because the Yearout Agency is a fraudulently joined party against whom Plaintiffs do not have "any possibility of recovery." *Smith v. Allstate Vehicle & Prop. Ins. Co.*, No. CIV-14-0018-HE, 2014 WL 1382488, at *1 (W.D. Okla. Apr. 8, 2014) (internal quotation marks omitted). Only ***properly joined*** defendants are material for diversity analysis. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest ***properly joined*** and served as defendants is a citizen of the State in which such action is brought." (emphasis added)); 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been ***properly joined*** and served must join in or consent to the removal of the action." (emphasis added)). Therefore, as set forth below and apparent from the Petition, this Court should disregard the alleged citizenship of the Yearout Agency for purposes of diversity. *Smith*, 2014 WL 1382488 at *4.

5. As the United States Supreme Court has recognized for well over a century, the right of removal "cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). A defendant can prove fraudulent joinder by showing that either: (1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff

2

has no possibility of recovery against the non-diverse defendant. *Gellner v. Progressive N. Ins. Co.*, No. 21-CV-0401-CVE-JFJ, 2021 WL 5789146, at *2 (N.D. Okla. Dec. 7, 2021) (citing *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006)).

6. The domicile of the Yearout Agency is immaterial. It is not properly joined because there is no "reasonable basis to believe the plaintiff[s] might succeed in at least one claim against the non-diverse defendant." *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (noting that actual fraud is not necessary for finding of fraudulent joinder).

7. Plaintiffs purport to sue the Yearout Agency for negligent procurement of insurance and constructive fraud and negligent misrepresentation. To prevail on these claims, though, Plaintiffs would have to show that "by the agent's fault, insurance [was] not procured as promised and the insured suffere[d] a loss." *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). Neither the allegations of Plaintiffs' Petition nor the facts of the insurance claim fit the theories on which Plaintiffs sue the Yearout Agency.

8. Plaintiffs do not allege, nor could they, that the Yearout Agency failed to procure an insurance policy. Nor do they allege that any act of the Yearout Agency caused them to suffer the alleged loss. To the contrary, they allege that they had a policy in place with State Farm, they made a claim under that policy for "wind/hail" damage to their home's roof, and State Farm determined "a single window screen and some of the gutters and downspouts were damaged" by hail but bruising to the shingles was not caused by hail.

Pet., ¶¶ 11, 14-15, Ex. 2. "As a result," Plaintiffs allege, "State Farm concluded the damages fell under Plaintiffs' applicable $2,670.00 deductible." *Id.*, ¶ 15.

9. The necessity of an accidental direct physical loss—here, damage to the roof from hail—is in all policies and is not the basis for Plaintiffs' claims against the Yearout Agency. Instead, "[t]his is simply a garden variety breach of insurance contract claim against [State Farm], and there are no allegations in the petition suggesting that [State Farm's] decision on [Plaintiffs'] claim would have been different if [the Yearout Agency] had obtained some other insurance policy." *Gellner*, 2021 WL 578914 at *3 (denying motion to remand in similar case).

10. In their Petition, Plaintiffs make confusing and contradictory allegations that they asked the Yearout Agency to "procure a full replacement cost policy"; that the Yearout Agency "represented to Plaintiffs that the Policy provided the full replacement coverage Plaintiffs requested"; and that the Yearout Agency "breached [its] duty owed to Plaintiffs by," *inter alia*, "[p]rocuring a Policy and calculating the coverages that as written, do not provide coverage to fully repair and/or replace the Plaintiffs' Insured Property back to its pre-loss condition" and "[f]ailing to follow and abide by State Farm's underwriting policies/guidelines and failing to perform all necessary inspections of the Insured Property." Pet., ¶¶ 37, 41, 46, Ex. 2.  But even if true, these conclusory allegations, unsupported by facts, do not give rise to a claim for negligent procurement or fraud because they have nothing to do with the reason for the claim decision. *See, e.g., Country Gold, Inc. v. State Auto Prop. & Cas. Ins. Co.*, No. CIV-14-1398-D, 2015 WL 431638, at *4 (W.D. Okla. Feb. 2, 2015).

11. Plaintiffs' allegation that the Yearout Agency failed to procure "replacement cost coverage" is a non sequitur because their policy *is* a replacement cost policy. *See Graves v. Am. Fam. Mut. Ins. Co.*, 686 F. App'x 536, 539 (10th Cir. 2017). Replacement cost coverage is a term of art in the industry that refers to one of the primary valuation methods for establishing the value of insured property and the amount the insurer will pay in the event of loss—the other method being "actual cash value." As the Tenth Circuit has observed, "[r]eplacement cost insurance provides greater coverage than an actual cash value policy and 'is designed to cover the difference between what the property is actually worth and what it would cost to rebuild or repair that property.'" *Id.* at 538 (quoting *Trinidad v. Fla. Peninsula Ins. Co.*, 121 So.3d 433, 438-39 (Fla. 2013)). "Under a replacement cost policy, the insured must actually repair or replace the damaged property in order to recover the full replacement cost; otherwise, the insured may recover only the actual cash value. . . . The reason for this requirement is to prevent an insured from directly profiting through the receipt of cash funds beyond the actual cash value of the loss." *Id.* (citation and internal quotations omitted).

12. The difference between the replacement and actual cost value of Plaintiffs' roof is not at issue here. Plaintiffs do not allege that they requested a replacement cost value policy and received an actual cash value policy. Nor do they allege that they requested a specific coverage limit which was disregarded by the Yearout Agency. The dispute is simply whether there was hail damage to the home's roof—with State Farm concluding that such damage did not exist. State Farm's decision, even as pled by Plaintiffs, had nothing to do with the presence or absence of "replacement cost coverage"; it had nothing

to do with procurement or any act or omission of the agent at all. *See Smith*, 2014 WL 1382488 at *2 ("Because plaintiffs acknowledge that coverage was obtained and do not allege that the amount of coverage was not what they had requested, their attempt to hold [the agent] accountable under Oklahoma law for his conduct in conjunction with the procurement of their policy fails."). Regardless, Oklahoma law is clear that "insurance agents need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds." *Gellner*, 2021 WL 5789146 at *2 (internal quotation marks omitted). "[T]his duty is not extended by general requests for 'full coverage' or 'adequate coverage,'" as Plaintiffs allege they made here. *Id.* (internal quotation marks omitted). Further, Oklahoma courts have consistently held that an insurance agent has no duty "'to procure and maintain appropriate coverage,'" *Country Gold, Inc.*, 2015 WL 431638 at *2, or "'monitor and review the policy procured … to ensure it provide[s] appropriate and adequate coverage," *Smith*, 2014 WL 1382488 at *2. This is further fatal to Plaintiffs' claims. *See id.* (concluding constructive fraud/negligent misrepresentation claim failed for lack of duty and agent was thus fraudulently joined).

13.     Consent to removal is only required from "defendants who have been properly joined and served." 28 U.S.C. §1446(b)(2)(a). Although the Yearout Agency has been served in this matter, it is not required to consent to this removal because, as set forth *supra*, the Yearout Agency is an improperly joined party.[1] However, to the extent consent is required, the Yearout Agency agrees to removal.

---

[1] Indeed, as an improperly joined party, the Yearout Agency is not subject to this Court's jurisdiction and Plaintiffs' claims against it must be dismissed. *Albert v. Smith's Food &*

6

14.    Plaintiffs claim to be entitled to recover an amount exceeding that specified by 28 U.S.C. § 1332 to invoke federal diversity jurisdiction and, therefore, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. *See* Pet., ¶¶ 29, 33, Ex. 2.

15.    Because the properly joined parties are diverse and the amount in controversy exceeds $75,000, this is the kind of action of which the United States District Courts have original jurisdiction because of diversity of citizenship and sufficiency of amount in controversy.

16.    The aforementioned action was commenced by service of summons upon the Oklahoma Department of Insurance on September 20, 2022. This Notice of Removal is, therefore, timely under the provisions of 28 U.S.C. § 1446.

17.    A copy of the docket sheet and copies of all process, pleadings and orders filed or served upon State Farm in the aforementioned state action are attached hereto, marked Exhibits 1-3 and made a part hereof.

    Respectfully submitted,

/s/ *Timila S. Rother*
Timila S. Rother, OBA #14310
Paige A. Masters, OBA #31142
**CROWE & DUNLEVY**
A Professional Corporation
Braniff Building
324 N. Robinson Avenue, Ste. 100
Oklahoma City, OK 73102-8273
(405) 235-7757

---

*Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004); *Hicks v. FG Mins. LLC*, No. CIV-19-203-TDD, 2020 WL 2104928, at *6 (E.D. Okla. May 1, 2020); *Jonnada v. Liberty Ins. Corp.*, No. CIV-19-456-D, 2019 WL 6119233, at *5 (W.D. Okla. Nov. 18, 2019).

(405) 272-5226 (Facsimile)
timila.rother@crowedunlevy.com
paige.masters@crowedunlevy.com

**ATTORNEYS FOR DEFENDANT
STATE FARM FIRE AND CASUALTY
COMPANY**

## CERTIFICATE OF SERVICE

I certify that on October 11, 2022, the same date this Notice of Removal was filed in the United States District Court for the Western District of Oklahoma, a true and correct copy of said Notice of Removal was served upon the above-named plaintiffs by mailing said copies to the parties' attorney of record:

Jeffrey D. Marr
Carole Dulisse
**MARR LAW FIRM**
4301 Southwest Third Street
Oklahoma City, Oklahoma 73108

Reggie N. Whitten
Michael Burrage
J. Revell Parrish
**WHITTEN BURRAGE**
512 North Broadway Ave., Suite 300
Oklahoma City, Oklahoma 73102

Chad E. Ihrig
Nick Marr
Ashton Poarch
**NIX PATTERSON, LLP**
8701 Bee Cave Road
Building 1, Suite 500
Austin, Texas 78746

**ATTORNEYS FOR PLAINTIFFS**

     I further certify that on October 11, 2022, a true and correct copy of this Notice of Removal was delivered to the Cleveland County Court Clerk for filing.

                                                  /s/ *Timila S. Rother*
                                                   Timila S. Rother

5133908